## SOUTHERN BELL TEL. & TEL. CO. v. A. L. ROSS & SONS PUBLISHERS, Inc.
### No. 69-4486.
Circuit Court, Duval County.

July 2, 1969.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for plaintiff.

ROGER J. WAYBRIGHT, Circuit Judge.

*Final judgment and permanent injunction:* Plaintiff telephone company filed in this court on June 5, 1969, and served on defendant on June 9, 1969, its sworn complaint alleging that it is a public utility performing vital telephone and communication services to the people of Florida; that defendant publishes various newspapers for local unions representing plaintiff's employees; that under defendant's arrangement with said unions, said publications are printed and distributed free to the employees but the defendant secures and receives payment for all advertising therein; that defendant has a direct interest in securing all the advertising it can since the financial benefits of such advertising accrue to it; that defendant solicits advertising from plaintiff's telephone subscribers and in so soliciting and securing payment for such advertising, defendant has damaged and injured plaintiff's good will with its telephone subscribers, and the relations between them and plaintiff have been damaged; that defendant has coerced and intimidated plaintiff's telephone subscribers into ordering or paying for advertising; that defendant has made misrepresentations to plaintiff's telephone subscribers; that defendant has used harrassing and personally offensive speech and sales techniques which have offended said telephone subscribers; that defendant has published advertising without the approval of telephone subscribers and then attempted to collect for the same on the basis that the telephone subscribers had approved such advertising; that defendant has falsely represented to plaintiff's telephone subscribers that plaintiff and its employees had an interest in defendant's newspapers and that defendant's solicitors were employed by or connected with plaintiff; that defendant has told telephone subscribers falsely that they had previously advertised and then sought renewed advertising; that defendant has admitted using false and fictitious names in such solicitation; that plaintiff has received and continues to receive complaints from its telephone subscribers who because of defendant's misrepresentations attribute responsibility for such conduct to plaintiff; that defendant has apologized for and promised to cease such objectionable activities but has nonetheless continued the same.

Plaintiff seeks an injunction to enjoin and restrain defendant from such activities and conduct.

Although defendant was served with plaintiff's complaint on June 9, 1969, and was thereafter on June 11, 1969 served with notice for its president to appear for deposition on June 30, 1969,

and was served with notice of other depositions, defendant has not served or filed any pleadings, and its president wilfully failed to appear for said deposition on June 30, 1969. (See Florida Civil Procedure Rule 1.380) ). On July 1, 1969, a default was entered by the clerk of this court for defendant's failure to serve or file any paper as required by law.

Pursuant to default, this court held a trial without a jury on July 2, 1969. Harold B. Wahl, Esq., appeared for the plaintiff telephone company. At the trial the court considered the sworn complaint, heard testimony of witnesses, and received various documentary evidence, including written complaints filed by telephone subscribers with plaintiff about defendant's conduct.

There was also received in evidence a communication from defendant signed by its president Albert L. Ross addressed to Harold B. Wahl, Esq., counsel for the plaintiff, attaching letter written by defendant to all Florida locals of the Communications Workers of America, AFL-CIO, served by defendant, both dated June 19, 1969, but postmarked June 25, 1969, and received by plaintiff's counsel by certified mail – return receipt requested on June 26, 1969. In said communications, defendant said it was going to discontinue the publication of the newspapers the advertising in which was complained of, stated it was not going to contest this suit, and did not deny the advertising misrepresentations complained of by plaintiff. Made a part of said communication was a portion of plaintiff's complaint.

It appears to the court, and the court so finds, that even though the defendant may now state it plans to discontinue said publicaions, yet in view of the past activities of defendant and the allegations of the complaint as summarized above which the court finds to be true, plaintiff is entitled to its injunction, for, among other reasons, the defendant may later conclude to re-enter upon the publishing of such newspapers or take other action involving plaintiff, its employees and telephone subscribers.

The court further finds that defendant's misrepresentations and improper advertising solicitation have damaged and injured plaintiff's good will with its telephone subscribers and the relations between such subscribers and plaintiff, plaintiff's subscribers have complained to plaintiff because thereof, and plaintiff is entitled to the equitable relief sought in its complaint and hereinbelow granted. (See 14 Fla.Jur., *Fraud and Deceit*, §9; Paul's Drugs v. Southern Bell (Fla.DCA-3,1965), 175 So.2d203; and 38 Am.Jur. 2d., *Good Will*, §21).

Upon consideration, therefore, the court adjudges —

1. It has jurisdiction of the parties and of the subject matter.

2. Defendant, its officers, agents and employees are permanently enjoined from —

(a) Holding themselves out as plaintiff's employees or as in any way connected with or acting by or on behalf of plaintiff;

(b) Holding out defendant's publications as in any way being connected with plaintiff;

(c) Holding out that it is necessary or advisable for plaintiff's telephone subscribers to advertise in defendant's publications for fear of displeasing plaintiff's employees or losing their patronage and business;

(d) Attempting to collect for advertisements which were not authorized or approved in good faith by plaintiff's telephone subscribers;

(e) In any way seeking to coerce plaintiff's telephone subscribers into advertising in defendant's publications; and

(f) In any way stating or inferring or leading plaintiff's telephone subscribers to believe that plaintiff has any interest or any connection of any kind with defendant's publications, or that plaintiff's employees have any connection or interest of any kind with defendant's publications without explaining that these are union publications where all of the advertising profits go to defendant and that the only connection plaintiff's employees have with said publications is that union members receive the newspapers free and the same are furnished to members without charge, all profits going to defendant.

3. Plaintiff Southern Bell Telephone and Telegraph Company recover from defendant A. L. Ross & Sons Publishers, Inc. its costs in the sum of $38, for which let execution issue.